O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-04065 AHM (MANx) | Date | August 25, 2010 |
|---|---|---|---|
| Title | YOUNG BOK LEE v. PMC BANCORP *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

On June 8, 2009, Plaintiff Young Bok Lee filed the original complaint in this home foreclosure action against PMC Bancorp ("PMC"), Indymac Federal Bank, the Federal Deposit Insurance Corporation, OneWest Bank, Koam Mortgage Network, and Does 1-10.  On July 1, 2009, Defendant PMC filed a motion to dismiss the original complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and on July 27, 2009, Plaintiff filed a statement of non-opposition to the motion and stated he would be filing an amended complaint. On August 3, 2009 the Court granted the motion with leave to amend. On August 11, 2009, Plaintiff filed a First Amended Complaint ("FAC"). On August 20, 2009, PMC filed a motion to dismiss the FAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Plaintiff failed to respond to that motion, and on September 18, 2009, the Court granted the motion in part and denied it in part.

On November 12, 2009, the Court issued a minute order notifying Plaintiff that his counsel of record, Timothy Thurman, had withdrawn from the State Bar.  The Court ordered Defendants to serve the minute order on Plaintiff at his last known address.  Dkt. No. 36.

Plaintiff did not appear at the scheduling conference held on January 11, 2010 or assist in preparation of the 16(b) Report.  At the scheduling conference, the Court set a trial date in this matter of September 14, 2010 and a pretrial conference date of August 30, 2010.

On January 13, 2010, the Court ordered Plaintiff to show cause in writing why Defendants Indymac Federal Bank FSB, Federal Deposit Insurance Corporation, Koam

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-04065 AHM (MANx) | | Date | August 25, 2010 |
|---|---|---|---|---|
| Title | YOUNG BOK LEE v. PMC BANCORP *et al*. | | | |

Mortgage Network, and Citibank, N.A. should not be dismissed for lack of prosecution. Having received no response, the Court dismissed those Defendants on February 4, 2010.

On March 16, 2010, the Court issued a minute order notifying Plaintiff that a lawsuit had been filed against his former lawyer, Timothy Thurman, by the Asian Pacific American Legal Center.  The Court ordered Defendants to serve the minute order on Plaintiff at his last known address. Dkt. No. 45.

Per the Court's Scheduling and Case Management Order (dkt. No. 42), the parties were required to file their pretrial documents by August 16, 2010.  The Scheduling and Case Management Order states in bold:

> **If counsel fail to file the required Pre-Trial documents or fail to appear at the Pre-Trial Conference and such  failure is not otherwise satisfactorily explained to the Court . . . the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff. . . .**

Neither side has filed any pretrial documents.  Plaintiff has not filed anything in this lawsuit since October 7, 2010, when he filed a Certificate of Interested Parties.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissal of actions for failure to diligently prosecute. *Link v. Wabash R. R. Co.* , 370 U.S. 626, 629-30 (1962); *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).  Plaintiff's failure to participate in preparing the 16(b) Report, attend the scheduling conference, or file any of the necessary pretrial documents demonstrates his failure to diligently prosecute this action.  This Court, in determining to dismiss the case due to Plaintiff's failure to diligently prosecute, has weighed the following relevant factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Ferdik v. Bonzelet* , 963 F.2d 1258, 1260-61 (9th Cir. 1992), *cert. denied* , 506 U.S. 915 (1992).

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh heavily in favor of the

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-04065 AHM (MANx) | Date | August 25, 2010 |
|---|---|---|---|
| Title | YOUNG BOK LEE v. PMC BANCORP *et al*. | | |

dismissal of the action.  Plaintiff has apparently stopped participating in the lawsuit and opposing counsel has apparently been unable to reach his former counsel.  Plaintiff did not secure new counsel or made an appearance on his own behalf.  The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal.  *Hernandez*, 138 F.3d at 400-01.  The fourth factor, the public policy favoring disposition of cases on their merits would weigh against dismissing the case.  Finally, with regard to the fifth factor, this Court has undertaken efforts to inform Plaintiff about his former counsel's resignation from the bar, and has provided Plaintiff ample time to obtain new counsel.  Moreover, this Court warned Plaintiff that the failure to file the necessary pretrial documents would lead to dismissal of the action.  *See Ferdik* , 963 F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").  As these less severe alternatives have proven ineffective, dismissal is appropriate.  *Id.*  Accordingly, the Court DISMISSES this action for failure to prosecute.

                                            :

Initials of Preparer            SMO

**JS-6**